IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 7** |
| **WANDA B. SEARS,** | ) | |
| | ) | **CASE NO. 03-03328** |
| DEBTOR. | ) | |

| | | |
|---|---|---|
| **AMERICAN EXPRESS FINANCIAL** | ) | |
| **ADVISORS, INC.,** | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | **ADVERSARY PROCEEDING** |
| v. | ) | **NO. 05-07029** |
| | ) | |
| **WANDA B. SEARS,** | ) | |
| | ) | |
| DEFENDANT | ) | |

## MEMORANDUM DECISION

The matter before the Court is a Motion to Dismiss filed by the Debtor, Wanda B. Sears, seeking dismissal of Counts One and Three of a Complaint to Determine Dischargeability, To Deny Discharge And For Declaratory Judgment (the "Complaint") filed by American Express Financial Advisors, Inc. ("AEFA"), which has filed a Response to the Motion to Dismiss. Counsel for the parties have submitted their oral and written arguments and the matter is now ready for decision. For the reasons discussed below, the Court will deny the Debtor's Motion to Dismiss.

### FINDINGS OF FACT

The Debtor filed a voluntary Chapter 7 petition on August 5, 2003. On October 31, 2003, AEFA filed a Complaint to Determine Dischargeability of Debt (the "2003 Complaint"). Some discovery was conducted in that adversary proceeding, but the 2003 Complaint was eventually dismissed without prejudice on August 2, 2004 after the Court

1

converted the Debtor's case to a Chapter 13 case upon the motion of the Debtor. On January 11, 2005, the Debtor filed a motion to reconvert her case to Chapter 7 which was granted by order of January 11, 2005.  AEFA then filed the current Complaint on February 17, 2005, which is substantially similar to the 2003 Complaint.

The Debtor filed her Motion to Dismiss Counts One and Three and Answer to Counts Two and Four on May 6, 2005. The Debtor cites Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) as her ground for dismissal. AEFA filed its Response to the Motion to Dismiss on July 1, 2005, arguing that the Motion to Dismiss was not filed in a timely manner pursuant to Rule 7012, and no agreement to extend the time to file such a Motion to Dismiss was entered into by the parties. Its counsel argues at the hearing before the Court that no Motion to Dismiss had been filed to the 2003 Complaint and that he had agreed not to oppose the Defendant's late filing of an answer but had never agreed to the late filing of a motion to dismiss.  From the statements made by both counsel at the hearing, however, it appears that there was no specific discussion one way or the other about a motion to dismiss and that in view of the pleading history of the prior case, counsel was taken by surprise by such motion being filed.  AEFA further maintains that on the merits Count One does contain sufficient allegations of an "[e]xpress [f]iduciary [d]uty", that Count Three should not be dismissed as the Debtor did not dispute an identical allegation in the 2003 Complaint, and also that dismissal is not an appropriate remedy as AEFA believes that the Debtor is "really asking for a more definite statement pursuant to Rule 12(e)".  A hearing was held on the matter July 7, 2005 and it is now ready for decision.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A complaint seeking a determination of non-dischargeability of a debt and denial of the discharge to a debtor are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

Rule 7012 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 12 of the Federal Rules of Civil Procedure, which requires that any motion making a defense of lack of jurisdiction, insufficiency of process or service of process, *failure to state a claim*, and failure to join a party must be filed before pleading, and F.R.B.P. Rule 7012 requires that a defendant serve such pleading within 30 days after the issuance of the summons, except when a different time is prescribed by the court. The summons in this case was issued on February 17, 2005 and no different time was prescribed by the Court. The summons and a copy of the Complaint were served by Plaintiff's counsel on February 22, 2005. The Debtor did not file her Motion to Dismiss until May 6, 2005, which was 78 days after the issuance of the summons.

F.R.B.P. Rule 9006 makes applicable F.R.C.P. Rule 6(b), which sets out the rule for enlargement of time to do an act once the permitted time for doing so has expired. That requires a motion and a showing of excusable neglect. In this case the defendant has filed no motion for enlargement. No such request having been made, much less granted, the motion to dismiss pursuant to Rule 12(b) is untimely and will be denied by separate order.

This 10th day of August, 2005.

*William F. Stone, Jr.*

_____
UNITED STATES BANKRUPTCY JUDGE